NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0074n.06

No. 09-2491

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 04, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **RANDY W. BRISTOL**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellee*. | ) | |

BEFORE:    NORRIS, COLE, and KETHLEDGE, Circuit Judges.

PER CURIAM.  Plaintiff-Appellant Randy Bristol seeks review of the district court's judgment affirming the decision of an Administrative Law Judge ("ALJ"), who denied Bristol's request for social security disability benefits.  We **AFFIRM**.

This Court reviews the district court's conclusion in a social security case de novo. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).  Under 42 U.S.C. § 405(g), our review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.  We have carefully reviewed the parties' briefs, the administrative record, the applicable law, and the district court's order granting summary judgment in favor of the Commissioner.  We agree that substantial evidence supports the ALJ's findings that Bristol does not meet or equal the severity requirements of Listing

12.05(C) and is not disabled. Because the district court's decision is well reasoned, we find no need to expand on its analysis as to this claim.

Bristol also contends that the ALJ violated 20 C.F.R. § 404.1527(d) by failing to give appropriate weight to Dr. Sommerschield's medical opinion that Bristol was "functioning consistently intellectually and academically within the mildly retarded range of intelligence." (Admin. R. at 21.) The regulation provides that the ALJ will generally give more weight to the opinion of an examining doctor than to that of a doctor who has not examined the claimant. 20 C.F.R. § 404.1527(d)(1). However, the ALJ found Bristol disabled based on his lack of deficits in adaptive functioning, not his intellectual and academic abilities. (Admin. R. at 18.) We find that the ALJ's findings are consistent with Dr. Sommerschield's opinion, and further analysis of the weight given that opinion is therefore unnecessary.

Finally, Bristol has raised two due-process claims related to the ALJ's decision not to reopen a prior decision and the adequacy of the procedures provided at the hearing on that prior decision. Bristol first raised these due-process claims to the district court in his motion for summary judgment and did not include them in his complaint or seek leave to file an amended complaint asserting the claims. Although we have occasionally found a complaint to be constructively amended when the parties have agreed, even implicitly, to fully litigate an issue not raised in the original pleadings, *see Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997), no such constructive amendment occurred in this case. The Commissioner did not address the due-process claims in his cross-motion for summary judgment, and the district court declined to address the issue. *Bristol v. Astrue*, No. 2:08-CV-13028, 2009 WL 3210928, at *5 n.5 (E.D. Mich. Sept. 30, 2009). As a result, Bristol's

due-process claims are not properly before this Court on appeal, and we decline to hear them. *See*

*Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 787-89 (6th Cir. 2005).

Therefore, we **AFFIRM** the district court's grant of summary judgment to the Commissioner

for the reasons stated above and in the district court's opinion.